

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00126-CR

## EX PARTE DEMETRIUS RASHAD GREER

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2017-874-C1A**

## MEMORANDUM OPINION

Demetrius Greer appeals from the trial court's denial of his application for writ of

habeas corpus. We affirm.

### BACKGROUND

Demetrius Greer was convicted of the offense of assault family violence and

sentenced to 365 days confinement. Greer attempted to appeal that conviction, but this

Court dismissed the appeal because the certificate of right to appeal indicated that it was

a plea bargain case and that Greer waived his right to appeal. *Greer v. State*, No. 10-18-

00222-CR, 2018 Tex. App. LEXIS 5496 (Tex. App. — Waco July 18, 2018) (mem. op. not

designated for publication). Greer then attempted to appeal from the trial court's denial

of his motion for new trial. This Court dismissed that appeal because it was not an appeal from a judgment of conviction or an appealable interlocutory order. *Greer v. State*, No. 10-18-00251-CR, 2018 Tex. App. LEXIS 7844 (Tex. App. — Waco September 26, 2018) (mem. op. not designated for publication). On February 25, 2019, Greer filed a post-conviction application for writ of habeas corpus. The trial court denied the application without a hearing. Greer appeals from the trial court's denial of his application for writ of habeas corpus.

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision to grant or deny an application for writ of habeas corpus under an abuse-of-discretion standard. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We review "the record evidence in the light most favorable to the trial court's ruling and [we] must uphold that ruling absent an abuse of discretion." *Id*. We afford almost complete deference to the trial court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Ex parte Tarlton*, 105 S.W.3d 295, 297 (Tex. App. — Houston [14th Dist.] 2003, no pet.).

It is the burden of the habeas applicant to prove his allegations by a preponderance of the evidence. *Ex parte Martinez*, 560 S.W.3d 681, 695 (Tex. App. — San Antonio 2018, pet. ref'd, writ of certiorari filed March 1, 2019); *Ex parte Coleman*, 350 S.W.3d 155, 160 (Tex. App. — San Antonio 2011, no pet.) The applicant must also provide the court with

a sufficient record to prove his allegations. *Ex parte Martinez*, 560 S.W.3d at 695. Our review of the habeas court's ruling may include the evidence adduced at the habeas hearing and the record as it existed before the habeas court at the time of the hearing. *Id*.

## ACTUAL INNOCENCE

In the first issue, Greer argues that the trial court abused its discretion in denying his application for writ of habeas corpus because there is newly discovered evidence since the date of the judgment that proves he is actually innocent. Greer was accused of assaulting three women and was indicted for the offense of assault family violence. Greer argues that the women have recanted the allegations and that this new evidence establishes his innocence.

To succeed in an actual innocence claim the applicant must show "by clear and convincing evidence that, despite the evidence of guilt that supports the conviction, no reasonable juror could have found the applicant guilty in light of the new evidence." *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). This showing must overcome the presumption that the conviction is valid and it must unquestionably establish applicant's innocence. *Id*. Not only must the habeas applicant make a truly persuasive showing of innocence, he must also prove that the evidence he relies upon is "newly discovered" or "newly available." *Id*. He cannot rely upon evidence or facts that were available at the time of his trial, plea, or post-trial motions, such as a motion for new trial.

*Id.* Habeas relief is not available to one who has already litigated his claim at trial, in post-trial motions, or on direct appeal. *Ex parte Brown*, 205 S.W.3d at 546.

The same trial judge heard Greer's plea of guilty, motion for new trial, and application for writ of habeas corpus. The trial court signed Findings of Fact and Conclusions of Law in which it noted that the "trial court reviewed the application, the answer of the State, the record from the criminal case, and relies on the Court's personal recollection of the case."

In its findings, the trial court states that Greer failed to produce any newly discovered evidence. The trial court further found that at the motion for new trial all three victims had submitted affidavits recanting the allegations. Although Greer relies on additional statements signed by two of the victims after the motion for new trial, both of those victims had previously recanted their allegations either before the guilty plea or at the motion for new trial. Neither of those additional statements provide newly discovered evidence because that information was available at the time of his plea or motion for new trial.

Further, the trial court's denial of the application for writ of habeas corpus was not an abuse of discretion. The trial court found that the recantations were not credible and that any additional statements attached to the application do not change the credibility determination made by the trial court. We overrule the first issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Greer argues that he received ineffective assistance of counsel and that his plea was involuntary. To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

Greer contends that his counsel did not explain to him which victim he was pleading guilty of assaulting. Greer and his trial counsel both testified at the hearing on his motion for new trial. In its Findings of Fact and Conclusions of Law, the trial court found that trial counsel's testimony was "credible regarding him informing [Greer] that he was pleading guilty to assaulting all three victims and that [Greer] fully understood what he was confessing to." The trial court further stated that "the record was sufficiently developed as to the allegation in this application to make that determination. Trial counsel fully explained the case, the plea paperwork and the recantations with [Greer] prior to the plea." The trial court heard the testimony of Greer and trial counsel and determined that trial counsel's testimony was credible. Greer relies on his testimony at the hearing on his motion for new trial to show that he received ineffective assistance of

counsel. Viewing the record before us, Greer has not demonstrated that he received ineffective assistance of counsel under the two-prong test from *Strickland v. Washington*. We overrule the second issue.

## SELF-REPRESENTATION

In the third issue, Greer complains that he was denied his right of self-representation. A defendant has a constitutional right to proceed without counsel when he voluntarily, knowingly, and intelligently chooses to do so, and the state may not constitutionally force a lawyer upon him. *Faretta v. California*, 422 U.S. at 820-21, 835, 95 S.Ct. at 2533-34, 2541. In order for a defendant to represent himself, his request must be clear and unequivocal. *Lathem v. State*, 514 S.W.3d 796, 802-3 (Tex. App. — Fort Worth 2017, no pet.). Once a defendant asserts his right of self-representation, to ensure that this decision is constitutionally effective, a trial court is obligated to advise the accused of the dangers and disadvantages of self-representation. *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).

Greer contends that he wanted to represent himself at trial because he did not believe his trial counsel represented his "best interests." Greer wanted "standby" counsel present to assist him with procedural rules as needed. In its Findings of Fact and Conclusions of Law the trial court found that Greer was fully admonished on the dangers of self-representation and was given time to consider those admonishments. Greer then decided to proceed with trial counsel and did not insist on self-representation. The record

shows that Greer was represented by different counsel at the hearing on his motion for new trial. Viewing the record before us, Greer has not shown that his request for self-representation was clear and unequivocal. We overrule the third issue. We find that the trial court did not abuse its discretion in denying Greer's application for writ of habeas corpus.

## CONCLUSION

We affirm the trial court's order denying the application for writ of habeas corpus.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed September 4, 2019
Do not publish
[CR25]

